UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JBS PACKERLAND, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHILLIPS CATTLE CO., INC., <br><br> Defendant. | Case No. 24-cv-01299-BAS-MSB <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION TO SEAL COMPLAINT** <br> **(ECF No. 3)** |

Presently before the Court is Plaintiff JBS Packerland, Inc.'s Motion to Seal the Complaint. (ECF No. 3.) The Court finds there may be compelling reasons to seal some of the Complaint, but Plaintiff's redactions are not narrowly tailored. Hence, for the following reasons, the Court **DENIES WITHOUT PREJUDICE** the Motion to Seal.

**I.    Legal Standard**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*

- 1 -

*State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. An action's complaint, and its associated exhibits, are more than tangentially related to the merits of the case. *Id*. at 1098. Similarly, a party's opposition to a motion to dismiss is more than tangentially related to the merits of the case. *Ctr. for Auto Safety*, 809 F.3d at 1098.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. A

blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's standing order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶ 5. The rule permits sealing of "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.* Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible, a party must redact the document appropriately. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11–cv–00410–YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

## II. ANALYSIS

Plaintiff seeks to seal all the Complaint's factual allegations but publicly reveal the causes of action. (*See* Compl. ¶¶ 5–18.) Plaintiff argues these allegations cite to contracts between the parties that contain commercially sensitive information. (Mot. 3.) Further, Plaintiff highlights that the parties agreed in their contracts to keep the terms of them confidential. (*Id.*)

Plaintiff's sealing request is overbroad. At the threshold, the compelling reasons standard applies to Plaintiff's Motion because the Complaint is the cornerstone of the case. *E.g., Pardi v. Tricida, Inc.*, No. 21-CV-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) (applying the compelling reasons standard to a motion to seal portions of the complaint). Further, the Court's standing order notes: "[t]he fact that both sides agree to seal a document or that a stipulated protective order was issued is insufficient cause for

sealing." Standing Order § 5.a. Hence, Plaintiff's analogous reliance on confidentiality provisions in the underlying contracts is not enough to justify sealing portions of the Complaint.

In addition, although there may be commercially sensitive information in the contracts, Plaintiff's proposed redactions are overbroad. This breach of contract action cannot be litigated in secrecy. The public has the right to know the gist of the underlying contracts in order to understand this Court's rulings. At the same time, the Court recognizes that sensitive pricing information and other terms of the contracts may be subject to sealing under the compelling reasons standard. *See Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"). Plaintiff's redactions go beyond this information. Therefore, the Court will deny without prejudice Plaintiff's Motion and allow it the opportunity to propose more narrowly tailored redactions to the Complaint.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Seal the Complaint (ECF No. 3). If Plaintiff wishes to renew its sealing request, Plaintiff must file an Amended Motion to Seal with a proposed redacted version of the Complaint. The redactions must be narrowly tailored to protect sensitive pricing terms or other information that may harm Plaintiff's competitive standing. Further, as required by this Court's standing order, Plaintiff must support its Amended Motion to Seal with a declaration from a competent witness. Any Amended Motion to Seal must be filed no later than **October 4, 2024**.

**IT IS SO ORDERED.**

**DATED: September 23, 2024**

Hon. Cynthia Bashant
United States District Judge