UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JBS PACKERLAND, INC., <br><br> Plaintiff, <br><br> v. <br><br><br> PHILLIPS CATTLE CO., INC., <br><br> Defendant. | Case No. 24-cv-01299-BAS-MSB <br><br> **ORDER GRANTING AMENDED MOTION TO SEAL COMPLAINT (ECF No. 15)** |

Presently before the Court is Plaintiff JBS Packerland, Inc.'s Amended Motion to Seal the Complaint. (ECF No. 15.) The Court finds there are compelling reasons to seal limited financial information in the Complaint. Hence, for the following reasons, the Court **GRANTS** the Amended Motion to Seal.

I.  **Legal Standard**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*

- 1 -

*State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. An action's complaint, and its associated exhibits, are more than tangentially related to the merits of the case. *Id.* at 1098. Similarly, a party's opposition to a motion to dismiss is more than tangentially related to the merits of the case. *Ctr. for Auto Safety*, 809 F.3d at 1098.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. A

blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents.  *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).  The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's standing order for filing documents under seal.  *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶ 5.  The rule permits sealing of "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.*  Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible, a party must redact the document appropriately.  *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11–cv–00410–YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

## II. ANALYSIS

This action stems from an alleged breach of future contracts for the purchase and delivery of cattle.  Plaintiff seeks to seal part of the Complaint. (ECF No. 15.)  Previously, Plaintiff sought to seal all the Complaint's factual allegations but publicly reveal the causes of action. (ECF No. 3.)  The Court denied without prejudice this request. (ECF No. 14.)  The Court explained:

> [A]lthough there may be commercially sensitive information in the contracts, Plaintiff's proposed redactions are overbroad.  This breach of contract action cannot be litigated in secrecy.  The public has the right to know the gist of the underlying contracts in order to understand this Court's rulings.  At the same time, the Court recognizes that sensitive pricing information and other terms of the contracts may be subject to sealing under the compelling reasons standard.

(*Id.*)

Plaintiff's Amended Motion to Seal seeks to redact only limited financial information in the Complaint. Plaintiff also submits a declaration from its Head of Cattle Procurement, which explains that the future contracts contain "commercially sensitive information, such as non-public pricing terms including the number of steers to be delivered to [Plaintiff], the weight of the steers, and the price per hundredweight." (Rose Decl. ¶ 5, ECF No. 15-3.) Disclosure of this information would harm Plaintiff's competitive standing, as it would impact Plaintiff's ability to negotiate these contracts, and Plaintiff's competitors would be able to use the information. (*Id.* ¶ 8.)

Plaintiff's Amended Motion persuasively satisfies the sealing standard in this context. The Court finds there are compelling reasons to seal the sensitive financial information in the Complaint. *See Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"). Further, Plaintiff's proposed redactions are narrow and appropriate. Consequently, the Court grants the Amended Motion to Seal.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Amended Motion to Seal the Complaint (ECF No. 15). The Clerk of Court shall accept and **FILE UNDER SEAL** the unredacted Complaint (ECF No. 16). <u>Further, the Clerk shall take the Proposed Redacted Complaint (ECF No. 15-2.) and add it to ECF No. 1 as the public-facing Complaint for this action</u>.

**IT IS SO ORDERED.**

**DATED: October 4, 2024**

Hon. Cynthia Bashant
United States District Judge